IN THE COMMONWEALTH COURT OF PENNSYLVANIA

John W. Pague,                          :
                    Petitioner          :
                                        :
        v.                              :   No. 297 C.D. 2022
                                        :
Capital Area Transit Authority          :
(Workers' Compensation                  :
Appeal Board),                          :
                    Respondent          :   Submitted:  August 12, 2022

BEFORE:     HONORABLE PATRICIA A. McCULLOUGH, Judge
            HONORABLE ELLEN CEISLER, Judge
            HONORABLE MARY HANNAH LEAVITT, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE CEISLER                                    FILED:  November 18, 2022

John W. Pague (Claimant) petitions this Court, *pro se*, for review of the January 21, 2022 order of the Workers' Compensation Appeal Board (Board), which dismissed Claimant's appeal from the decision of a workers' compensation judge (WCJ). The WCJ denied Claimant's claim and penalty petitions after concluding that Claimant did not suffer a compensable work injury. The Board held that Claimant's appeal failed to raise any issues with the requisite specificity and, therefore, those issues were waived. After review, we affirm.

## I.  Background

On November 6, 2019, Claimant hit a large pothole while driving a bus in the course of his employment with the Capital Area Transit Authority (Employer). Certified Record (C.R.), Item No. 2. Following this incident, Claimant filed a claim petition, seeking total disability benefits from December 15, 2019, and ongoing, for

an alleged aggravation of preexisting neck and back pain. *Id.* Claimant also filed a penalty petition on the basis that Employer violated the Workers' Compensation Act (Act)[1] when it failed to timely accept or deny liability for Claimant's alleged work injury. C.R., Item No. 5. Employer denied the allegations in both the claim and penalty petitions. C.R., Item Nos. 4, 7. In support of his claim and penalty petitions, Claimant testified live before the WCJ and presented a narrative report from his treating physician, Stephen Wolf, M.D. Employer presented the deposition testimony of its medical expert, Raymond Dahl, D.O., who conducted independent medical examinations (IME) of Claimant in 2017 as part of a 2016 workers' compensation claim Claimant filed against Employer (2016 Claim) and who conducted an April 1, 2020 IME in the instant matter. Employer also presented the deposition testimony of Brianna Holmes, one of Employer's human resources (HR) managers.

### A. Claimant's Evidence

Claimant testified that the November 6, 2019 work incident occurred when one of the right tires of his bus hit a pothole. C.R., Item No. 14, Notes of Testimony (N.T.), 2/12/20, at 18. The impact cracked the windshield of the bus. *Id.* Claimant reported the incident to Employer and notified his dispatcher that the impact caused pain in his neck, lower back, and right arm. *Id.* at 20, 22, 24; C.R., Item No. 20.

Claimant acknowledged that he attended physical therapy prior to November 6, 2019, to address preexisting issues with his neck, lower back, and right arm, but he asserted that the November 6, 2019 work incident caused a dramatic increase in his symptoms, including numbness in his right arm. N.T., 2/12/20, at 24-25. Following a December 4, 2019 magnetic resonance imaging (MRI) study, Claimant

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1-1041.4, 2501-2710.

underwent a cervical fusion on December 16, 2019. *Id.* at 29. Claimant denied that surgery had been scheduled prior to the November 6, 2019 work incident. *Id.* at 28.

During cross-examination, Claimant acknowledged that he underwent a lumbar laminectomy in 2000, and he experienced numbness in his right arm in 2016. *Id.* at 40, 45. Claimant agreed that he received treatment in 2018 and 2019 for lower back and neck pain and for right arm numbness. *Id.* at 46, 48. He maintained, however, that he did not receive a recommendation for surgery until after the November 6, 2019 work incident occurred. *Id.* at 50. Claimant conceded that he completed a medical history screening form on July 25, 2019, for purposes of back surgery and that his treating physician, Dr. Wolf, considered neck surgery an option if conservative treatment failed to resolve Claimant's symptoms. *Id.* at 53. He denied having discussions about future neck surgery with anyone from Employer's HR department prior to November 6, 2019. *Id.* at 51. At a subsequent hearing before the WCJ, Claimant testified that conservative treatment did not improve his symptoms, which worsened after the November 6, 2019 work incident. C.R., Item No. 18, N.T., 1/21/21, at 13-14. Claimant stated that his neck was "doing very well," post-surgery. *Id.* at 15. Claimant returned to his full-duty position on April 13, 2020. C.R., Item No. 17, N.T., 12/30/20, at 14.

Dr. Wolf acknowledged in his narrative report that Claimant had preexisting issues with his cervical and lumbar spine. C.R., Item No. 21. The November 6, 2019 work incident prompted Dr. Wolf to order an MRI, which documented "severe degeneration from C5-C7, with stenosis . . . ." *Id.* Dr. Wolf opined that Claimant suffered a whiplash injury as a result of the November 6, 2019 work incident, which exacerbated Claimant's preexisting condition. *Id.*

3

## B. Employer's Evidence

Dr. Dahl testified at an October 23, 2020 deposition that he conducted IMEs of Claimant on January 25, 2017, and November 21, 2017, as part of Employer's defense to the 2016 Claim, which alleged that Claimant sustained work-related injuries to his lower back, neck, legs, hands, and feet. C.R., Item No. 36, Dahl Dep. at 7-8; C.R., Item No. 29.[2] For purposes of the instant claim, Dr. Dahl conducted an IME of Claimant on April 1, 2020. Dahl Dep. at 8. Claimant advised Dr. Dahl at the April 1, 2020 IME that he was injured after hitting a "large pothole" while driving a bus, causing pain in Claimant's back and neck. *Id.* at 10.

Dr. Dahl reviewed Claimant's medical records as part of the IME and he understood that Claimant treated with Dr. Wolf for neck and lower back pain prior to the November 6, 2019 work incident. *Id.* at 12. Based on his review of the medical records, Dr. Dahl opined that Claimant suffered from multi-level degenerative disc disease in his cervical spine with significant disc space collapse and spondylolisthesis and with varying degrees of root entrapment at most levels of the cervical spine. *Id.* at 8-9. Claimant also suffered from multilevel degenerative disc disease in his lumbar spine. *Id.* at 9.

X-rays of Claimant's lumbar spine that predated the November 6, 2019 incident revealed "very significant degenerative disc disease" throughout the lumbar spine. *Id.* at 17. A June 11, 2019 computerized tomography (CAT) scan of Claimant's cervical spine showed the presence of bony spurring and bulging discs that caused compression of the nerve roots and the cervical spine, as well as

---

[2] The WCJ in the 2016 Claim rejected Claimant's testimony that his neck and back pain stemmed from driving a bus over speedbumps and potholes, as Claimant's medical records demonstrated he suffered from chronic back pain. C.R., Item No. 29, Finding of Fact (F.F.) No. 8.

significant stenosis at C5-C6 and C6-C7. *Id.* at 18. The findings in Claimant's December 4, 2019 MRI were essentially the same as those documented in MRIs from July 30, 2019, and from 2017. *Id.* at 13, 18. Claimant's December 4, 2019 MRI contained no evidence of trauma, such as edema or inflammation, or acute injury that could be connected with trauma. *Id.* at 20. Overall, Dr. Dahl believed that the changes documented in Claimant's diagnostic studies were all degenerative in nature. *Id.*

Dr. Dahl also reviewed a video taken from the bus when the November 6, 2019 work incident occurred, and he observed that the motion of the bus hitting the pothole would have been "more of a compression type mechanism[,]" as opposed to a "whiplash type of mechanism" or traumatic flexion or extension. *Id.* at 23. Based on the physical examinations Dr. Dahl conducted for the 2017 and April 1, 2020 IMEs, his review of Claimant's medical records, and the November 6, 2019 video, Dr. Dahl opined that Claimant did not sustain an injury to his neck or low back as a result of the November 6, 2019 work incident, or any aggravation of his preexisting neck and lower back conditions. *Id.* at 23-24. Dr. Dahl did not believe the November 6, 2019 work incident factored in Claimant's need for a cervical fusion. *Id.* at 24. Dr. Wolf's records indicated that he recommended a cervical fusion and discectomy on July 25, 2019, with a tentative surgery date of November 18, 2019. *Id.* at 24, 26-27, 33. While Dr. Dahl felt that the treatment Claimant received for his neck and lower back conditions was reasonable and necessary, it was not necessitated by the November 6, 2019 work incident. *Id.* at 27. Dr. Dahl opined that an increase in symptomology was a subjective complaint, and he would expect any claimant in a workers' compensation matter to complain of worsening symptoms. *Id.* at 31-32.

Ms. Holmes testified that she met with Claimant in late July or early August 2019 to discuss the 2016 Claim and Claimant's anticipated neck surgery. C.R., Item No. 16, 11/4/20, at 21, C.R., Item No. 29. She understood that Claimant's pain symptoms related to the 2016 Claim and predated the November 6, 2019 work incident. N.T., 11/4/20, at 24.

### C. WCJ's Decision

The WCJ circulated a decision on June 7, 2021, denying Claimant's claim and penalty petitions. C.R., Item No. 8. The WCJ credited Claimant's testimony regarding the November 6, 2019 incident, as well as his testimony that the conservative treatment received prior to the November 6, 2019 work incident provided no benefit and that neck surgery was considered an option prior to November 6, 2019. *Id.*, F.F. No. 61. The WCJ also credited Ms. Holmes testimony that neck surgery was considered in July 2019, as it corroborated Claimant's testimony and Dr. Dahl's testimony that Dr. Wolf recommended surgery on July 25, 2019. F.F. No. 62.

The WCJ rejected Dr. Wolf's opinions as less credible than Dr. Dahl's, in part because Dr. Wolf's narrative report only addressed Claimant's December 4, 2019 MRI. F.F. No. 63(b). Dr. Wolf's report failed to discuss Claimant's MRIs from 2017 or July 30, 2019 and compare the results to the December 4, 2019 MRI. *Id.* Dr. Dahl, conversely, discussed all three MRIs and testified to the lack of changes documented therein. *Id.* Dr. Wolf's report did not acknowledge that Claimant was a surgical candidate prior to November 6, 2019, in the event that conservative treatment failed. F.F. No. 63(a). Ultimately, because Dr. Wolf's testimony was discredited, the WCJ concluded that Claimant failed to meet his burden of establishing that he suffered a compensable work injury. Conclusion of Law (C.L.)

6

No. 2. As the WCJ did not award benefits under the claim petition, the WCJ declined to award penalties. C.L. No. 4.

### D. Board's Order and Opinion

Claimant, no longer represented by counsel, filed an appeal with the Board, stating that he wished to preserve his right to appeal while seeking an attorney to represent him. C.R., Item No. 9. Regarding the grounds for his appeal, Claimant simply argued that "[t]here [are too] many errors of the [WCJ's] decisions in this work injury case." C.R., Item No. 9.

The Board dismissed Claimant's appeal on the basis that it failed to raise any issues with specificity. C.R., Item No. 11 at 2. Although the brief Claimant filed with the Board[3] suggested that the WCJ should not have credited the testimony of Dr. Dahl, and argued that the WCJ's decision contained factual errors, the appeal itself failed to properly preserve any issues, which the Board deemed waived. *Id.* Even had Claimant preserved any issues for appeal, the Board concluded that the WCJ's decision was supported by substantial, competent evidence, as the WCJ rejected Claimant's medical evidence and Claimant was unable to meet his burden of establishing that he suffered a work-related injury on November 6, 2019. *Id.* at 3. Finally, the Board held that, in the absence of a compensable work injury, the WCJ did not err in failing to award penalties.

This appeal followed.[4]

---

[3] The brief Claimant filed with the Board does not appear in the record filed with this Court.

[4] Our review is limited to determining whether the WCJ's findings of fact were supported by substantial evidence, whether an error of law was committed, or whether constitutional rights were violated. Section 704 of the Administrative Agency Law, 2 Pa. C.S. §704; *Phoenixville Hosp. v. Workers' Comp. Appeal Bd. (Shoap)*, 81 A.3d 830, 838 (Pa. 2013).

## II. Discussion

On appeal, Claimant challenges the WCJ's findings and credibility determinations regarding where, and under whose authorization, Claimant received medical care, whether the WCJ properly credited the medical opinions of Dr. Dahl over the opinions of Claimant's medical providers, and whether Claimant's surgery was scheduled for November 18, 2019, or was merely "anticipated." Claimant's Br. at 6. Claimant requests that this Court reverse the WCJ's decision denying him benefits under the Act. He does not address the Board's order dismissing his appeal.

Section 111.11(a)(2) of the Special Administrative Rules of Practice and Procedure before the Board (Board Rules) provides that an appeal filed with the Board must contain

> [a] statement of the particular grounds upon which the appeal is based, including reference to the specific findings of fact which are challenged and the errors of law which are alleged. General allegations which do not specifically bring to the attention of the Board the issues decided are insufficient.

34 Pa. Code § 111.11(a)(2). The Board's appeal form, LIBC-25/26, provides space where an appellant should allege which findings of fact made by a WCJ are in error and unsupported by substantial evidence, which errors of law were committed, and the reasons why a WCJ's decision fails to conform to the provisions of the Act.[5] Where a claimant has failed to raise an issue in any manner before the Board, that issue is waived. *Starr Aviation v. Workers' Comp. Appeal Bd. (Colquitt)*, 155 A.3d 1156, 1162 (Pa. Cmwlth. 2017).

---

[5] *See* Pa. Dep't of Lab. & Indus., Rules For Appealing A [WCJ's] Decision to the [Board]. https://www.dli.pa.gov/Businesses/Compensation/appeals/Documents/licb-2526.pdf., (last visited Nov. 18, 2022).

8

Claimant's LIBC-25/26 merely alleges that "[t]here [are] to[o] many errors of the [WCJ's] decisions in this work injury case." C.R., Item No. 9. Additionally, Claimant states that he "wish[es] to preserve [his] right to appeal this case while seeking an attorney to represent [him] in this matter[,]" *Id.* Claimant's general allegations of error on the WCJ's part, and his desire to preserve the right to appeal while seeking legal representation, do not absolve Claimant of the obligation to comply with the requirements of Section 111.11(a)(2). Accordingly, we conclude that the Board did not err in dismissing Claimant's appeal based on his failure to raise any issues with specificity.

We further conclude that Claimant waived the issues raised in his petition for review, as those issues were not raised before the Board. Rule 1551(a) of the Rules of Appellate Procedure[6] (Rule 1551(a)) provides that only questions raised before the government unit shall be heard or considered on appeal, with limited exceptions that are not implicated here. It is well established that an issue not raised before the Board cannot be raised before this Court for the first time on appeal. *Hall v. Workers' Comp. Appeal Bd. (Am. Serv. Grp.)*, 3 A.3d 734, 744 n.18 (Pa. 2010). Claimant's petition for review alleges, for the first time, the insufficiency of specific findings rendered by the WCJ.[7] These enumerated findings do not appear in the notice of appeal Claimant filed with the Board.

Even if Claimant had challenged those findings in his appeal, Claimant has failed to support the arguments in his brief with pertinent legal authority, as required by Rule 2119(a) of the Pennsylvania Rules of Appellate Procedure (Rule 2119(a)),[8]

---

[6] Pa.R.A.P. 1551(a).

[7] Claimant specifically challenges F.F. Nos. 9, 13-14, 18, 21, 31, 34, 41-44, 47-49, 61-62.

[8] Pa.R.A.P. 2119(a).

which relevantly requires that an appellate brief include "such discussion and citation of authorities as are deemed pertinent." This Court has repeatedly held that we will not consider the merits of an issue that is not properly raised and developed in a brief. *Am. Rock Mech., Inc. v. Workers' Comp. Appeal Bd. (Bik & Lehigh Concrete Tech.)*, 881 A.2d 54, 56 (Pa. Cmwlth. 2005). Arguments that are not fully developed in a brief will be deemed waived. *Beaver Valley Slag, Inc. v. Marchionda (Workers' Comp. Appeal Bd.)*, 247 A.3d 1212, 1221 (Pa. Cmwlth. 2021). The argument portion of Claimant's brief merely paraphrases the issues presented, without more. As a result, we conclude that those issues are waived.

For all the above reasons, we affirm the Board's order.

_____
ELLEN CEISLER, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

John W. Pague,                    :
           Petitioner         :
                          :
     v.                  :  No. 297 C.D. 2022
                          :
Capital Area Transit Authority  :
(Workers' Compensation       :
Appeal Board),              :
           Respondent    :

**O R D E R**

AND NOW, this 18th day of November, 2022, the January 21, 2022 order of the Workers' Compensation Appeal Board is hereby AFFIRMED.

_____
ELLEN CEISLER, Judge